UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROSE D. BARRICK ) | Case Number |
| ) |  |
| Plaintiff ) |  |
| ) | CIVIL COMPLAINT |
| vs. ) |  |
| ) |  |
| CAPITAL MANAGEMENT SERVICES, ) |  |
| LP ) |  |
| & ) | JURY TRIAL DEMANDED |
| Defendant ) |  |
| ) |  |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Rose D. Barrick, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendant, and respectfully aver as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Rose D. Barrick, is an adult natural person and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Rose D. Barrick, is an adult natural person residing in Litchfield, Minnesota.  At all times material and relevant hereto, Plaintiff is a ("consumer") as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Capital Management Services, LP (hereafter, Defendant), at all times relevant hereto is an was a limited partnership engaged in the business of collecting debt within but not limited to the State of Minnesota and the State of New York with a primary location at 698 ½ S. Ogden Street, Buffalo, NY 14206.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around June, 2012, Plaintiff started to receive calls from the Defendant attempting to collect on a debt allegedly owed on a Citibank account.

8. At this time, Plaintiff informed the Defendant that she had retained the services of personal legal counsel to assist her in her debt negotiations.

9. Defendant was given Plaintiff's legal counsel's contact information and asked that the Defendant call her attorney directly in this matter.

10. Defendant refused to work with Plaintiff's attorney.

11. Plaintiff continued to receive calls from the Defendant on this account.

12. On or about June 23, 2012, Plaintiff received notice from the Defendant that they were looking for a balance of $16,835.56.

13. Plaintiff was asked to make the payment in full immediately.

14. On or about June 28, 2012, Plaintiff's legal counsel sent a cease and desist letter to the Defendant.

15. Defendant disregarded the cease and desist and continued to place collection calls to the Plaintiff throughout July and August, 2012.

16. On or about August 14, 2012, an agent of the Defendant called the Plaintiff and falsely stated that she was an agent for Citibank calling to make arrangements on the Plaintiff's outstanding account.

17. Defendant's agent went on demanding that the Plaintiff confirm her personal information, such as her social security and her home address.

18. Plaintiff again informed the Defendant that she had retained counsel and that the Defendant needed to call and speak with her attorney.

19. Defendant's female agent refused to take the information and abruptly hung up on the Plaintiff.

20. As of the filing of this complaint, the Defendant has continued their collection efforts despite the receipt of a cease and desist letter and the knowledge that the Plaintiff is represented by an attorney.

21. Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

22. Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, herein.

24. At all times pertinent hereto, the conduct of all Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information |
| §§ 1692e(14): | Any name other then the true name of the debt collector's business |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Capital Management Services, LP, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require;

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: December 18, 2012**

**BY: */s/ Brent F. Vullings*** 
Brent F. Vullings, Esquire 
3953 Ridge Pike 
Suite 102 
Collegeville, PA 19426 
P: 610-489-6060 
F: 610-489-1997 
Attorney for Plaintiff 
bvullings@vullingslaw.com